**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOR MENJIVAR-CARBAJAL; A.L.M., | No. 23-3713 |
| Petitioners, | Agency Nos.<br>A220-460-815<br>A220-460-816 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Flor Menjivar-Carbajal ("Menjivar-Carbajal"), and her minor daughter,

natives and citizens of El Salvador, petition pro se for review of the Board of

Immigration Appeals' order dismissing their appeal from an immigration judge's

decision denying their applications for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review the agency's factual findings for substantial evidence.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the petition for review.

We do not disturb the agency's determination that the petitioners failed to show they suffered harm that rose to the level of persecution.  *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (threats standing alone constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm); *see also Flores Molina v. Garland,* 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).  Here, although an MS-13 gang member threatened Menjivar-Carbajal and sent her horrific photos, the relevant threatening conduct was not so menacing or suggestive of imminent harm as to rise to the level of persecution.

Substantial evidence supports the conclusion that the petitioners failed to establish a reasonable possibility of future persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (holding a fear of future persecution was not objectively reasonable where the possibility of future persecution was "too speculative").  The petitioners remained in El Salvador for multiple years after the

threatening phone calls ended and remained unharmed. Thus, petitioners' asylum claims fail.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to satisfy the more stringent standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).

Because petitioners did not challenge the agency's dispositive determination that they would not be tortured by or with the consent or acquiescence of the government, they forfeited their challenge to the agency's CAT determination. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (holding that this court "will not ordinarily consider matters on appeal 'that are not specifically and distinctly argued in appellant's opening brief'" (quoting *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992)).

**PETITION FOR REVIEW DENIED.**